ROBERT L. BLAND, Judge.
Claimant, Appalachian Electric Power Company, a foreign corporation created and existing under the laws of the state of Virginia, and duly authorized to do business in the state of West Virginia, wherein it has extensive operatons, has asserted a claim for $252.06 against the state road commission of West Virginia, in which said claim that state agency has concurred, and it has been approved by an assistant attorney general as a claim that, in view of the purposes of the act creating the Court of Claims, should be paid. The claim is submitted to the court for determination under section 17 of said act, which *151 provides the “shortened procedure” for the determination of claims against the state. The record was prepared by the state road commission and filed with the clerk of this court on December 18, 1945.
The contention of claimant is that certain transformers owned by it and located on state-owned property in the vicinity of Stewart street (route No. 16) at Welch, McDowell county, West Virginia, were damaged by fire on March 14, 1945, which said fire was caused by the carelessness and negligence of employees of the state road commission, and that the necessary and actual cost of repairs made to, and replacement of, said transformers amounted to the said sum of $252.06, as shown by itemized accounts therefor, filed with the road commission, and made part of the record in this case. Nothing is shown by claimant as to how the fire occurred, or what, if any, effort was made by the employees of the road commission to prevent its spread and damage to its property.
The state road commission, in order to support its concurrence in the claim, says that its employees in heating tar under the transformers in question failed to carry out instructions of the foreman to move the tar barrels away from the poles on which transformers were installed, and that the tar became too hot and exploded, resulting in damage to the transformers by fire where the tar was burning. It represents that if the barrels of tar had been placed away from the transformers there would have been no damage to claimant’s equipmen' from fire.
The basis of the claim is the alleged negligence of the employees of the road commission, and if an awards should be made in the case upon the showing made by the record it would necessarily be predicated upon such negligence, negligence admitted by the state agency proceeded against.
The record in question, upon the basis of which this court is asked to make a determination of the claim, consists of respondent’s statement of fact and recommendation, certain correspondence between claimant and officials of the road commission, three ex parte statements made by a former maintenance *152 superintendent, the foreman in charge of the employees who were doing the patching work on the state road and the employees who had in charge the heating of the tar barrels, and a general summarization of the facts set forth in the record, and such investigation as was made by the road commission.
It appears that the damaged transformers were installed upon land owned by the state for the purpose of serving electricity to the Welch Emergency Hospital, an agency of the state. After the claim had been filed, Mr. C. L. Allen, district engineer, being in doubt as to whether the responsibility for the claim, if any, rested with the state road commission or the board of control, addressed a letter to the claimant asking by what authority the transformers had been installed upon state property. The reply addressed to him, and made a part of the record, admits that claimant had neither a lease nor easement for such purpose, but relied upon the fact that when claimant began to furnish electricity to the Welch Emergency Hospital in 1929 the public service commission of West Virginia approved a form which provided that claimant should have the right, if necessary, to construct its poles, lines and circuits on the property. This provision manifestly related to the property of the Welch institution, and not to the other property then owned or later acquired by the state.
The statute under which the claim is referred to the court provides that the claim shall be informally considered upon the facts submitted, and that if the court determines that the claim shall be entered as an approved claim and an award be made therefor it shall so order, and file its opinion with the clerk, but if the court finds that the record is inadequate, or that the claim should not be paid it shall reject the claim.
The claim in question was submitted to the court under section 17 of the court act, and under date of July 19, 1945, the state road commission requested an advisory opinion with reference to the responsibility of the state to make an award for the payment of the claim now under consideration, at which time the members of the court were unanimously of opinion *153 that it would be inadvisable to attempt to render an advisory opinion upon the meagre facts presented for the court's consideration, and under date of October 17, 1945, addressed a letter to the state road commission returning the record submitted for such advisory opinion for necessary amendment. It was at that time suggested that perhaps the better course to be pursued in the consideration of the claim would be to have it filed and prosecuted under the regular procedure provision of the court act. Respondent, however, withdrew its request for an advisory opinion and thereafter submitted the case as above stated under the shortened procedure provision of the statute. We are asked to ratify a recommendation for an award against the state on the ground of the admitted negligence of the state without having any sufficient opportunity to investigate the circumstances attending the fire that resulted in the damage to claimant’s property. This court cannot be held to be a mere ratifying instrumentality, but must have proof before it to show the propriety of making an award before doing so.
The scheme for the creation of the State Court of Claims was carefully considered and worked out by an interim committee of the Legislature. In its report to the Legislature that committee expressly stated: "A shortened procedure is provided for small claims where no question of fact or liability is in issue.” For such purposes only should the shortened procedure provision of the court act be used.
Majority members of the Court of Claims are of opinion that the record of this claim, as presented to it by the state road commission, is entirely too inadequate to warrant the making of an award at this time. A report was made to the road commission of the fire and of the damage done to the transformers thereby, but such report is not found in the record. We are not given the benefit of the information contained in that report. We do not feel that we are materially aided by the ex parte statements above mentioned.
The claim may very properly be rejected under the circumstances of its presentation to the court, without prejudice to the *154 claimant. The court act provides: “The rejection of a claim under this section shall not bar its resubmission under the regular procedure.” We do not see any reason why this claim should not be prosecuted under the regular procedure of the court act, to the end that we may have all the information obtainable in relation to its merits. If it shall hereafter be resubmitted to the court and prosecuted under its general procedure and show itself to be entitled to an approved award, it will be afforded an opportunity to do so.
Because of what is conceived to be the inadequacy of the record, and without passing on the general merits of the claim in question, an award is at this time denied therefor, and the claim dismissed by majority members of the court.
Judge Schuck is of opinion that an award should be made in the case and dissents from the action of the majority members of the court.